United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Amazing Glove SDN.BHD, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-62070-Civ-Scola |
| | ) |
| SN DME, LLC, Defendant. | ) |

**Order Granting Motion to Dismiss**

Plaintiff Amazing Glove SDN.BHD ("Amazing Glove") brought this breach of contract action against Defendant SN DME, LLC ("SN"). Amazing Glove claims SN owes it over $18,300,000 as a result of SN's failure to pay for thousands of boxes of gloves, which Amazing Glove says SN contracted for. (Compl., ECF No. 1.) SN moved to dismiss under Fed. R. Civ. P. 12(b)(6) without filing an answer. Amazing Glove did not amend its complaint or seek leave to do so. Having heard the parties at oral argument, considered the record, the parties' briefs, and the relevant legal authorities, the Court **grants** SN's motion **(ECF No. 14)**. Amazing Glove's complaint **(ECF No. 1)** is **dismissed without prejudice**. Amazing Glove will have until March 18, 2022 to file an amended complaint. Additionally, both Amazing Glove and SN **will have until March 18, 2022 to add or remove parties** to this action without leave of Court.

**1. Background**

Amazing Glove alleges that SN contracted with it three times to buy a total of 55 containers holding 30,300 boxes of gloves each. (Compl. ¶¶ 8-10.) According to Amazing Glove, the first instance saw SN contract to buy 10 containers' worth of gloves for a purchase price of $3,711,750. (*Id.* ¶ 8.) The second instance involved 40 containers at a purchase price of $14,544,000 (*Id.* ¶ 9). And the third involved 5 containers at a purchase price of 1,788,650. (*Id.* ¶ 10.) Amazing Glove attaches to its complaint three exhibits said to represent those contracts. (*Id.* ¶¶ 8-10.)

Although Amazing Glove admits that SN paid three deposits, it says SN "fail[ed] to pay" the remainder of the purchase prices outstanding under each contract. (*Id.* at ¶¶ 8-10, 12.) SN's purported failure to pay the purchase price remainders is the basis for Amazing Glove's breach of contract claims. (*Id.* at ¶¶ 14, 19.) In turn, SN argues that Amazing Glove's five-page complaint does not state a claim because Amazing Glove "fails entirely to allege . . . that [Amazing

Glove] performed its own obligations under the contracts." (Mot. 1, ECF No. 14.) Amazing Glove responds that Florida law does not require it to plead its own performance to survive SN's motion to dismiss. (Pl. Resp. 3-4, ECF No. 17.)

### 2. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the same time, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### 3. Discussion

"To state a breach of contract claim under Florida law[1] a plaintiff must plead: '(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach.'" *Molina v. Aurora Loan Servs.*, LLC, 710 F. App'x 837, 839 (11th Cir. 2017) (quoting *Vega v. T–Mobile USA, Inc.,* 564 F.3d 1256, 1272 (11th Cir. 2009); *Hearn v. Int'l Bus. Machines*, 588 F. App'x 954, 957 (11th Cir. 2014); *People's Tr. Ins. Co. v. Valentin*, 305 So. 3d 324, 326–27 (Fla. 3d DCA 2020); *Abbott Labs., Inc. v. Gen. Elec. Capital*, 765 So.2d 737, 740 (Fla. 5th DCA 2000). The parties agree on these three elements. (*See* Def. Mot. 3-4; Pl. Resp. 3-4.)

Some courts have also required a claimant to establish its performance under the contract. *See, e.g., Marshall Const., Ltd. v. Coastal Sheet Metal & Roofing, Inc.,* 569 So. 2d 845 (Fla. 1st DCA 1990); *Babe, Inc. v. Babies Formula Serv., Inc.,* 165 So.2d 795 (Fla. 3d DCA 1964). Although the parties focus on whether this purported fourth requirement disposes of Amazing Glove's complaint, the Court need not decide that question. Instead, the Court finds Amazing Glove has not

---

[1] In light of the parties' briefing citing only to Florida law, the Court assumes that Florida law applies. Amazing Glove's complaint does not specify the authority under which it presents its claims. Meanwhile, two of the three writings attached to the Plaintiff's complaint specify that Florida law and the Convention on Contracts for the International Sale of Goods of 1980, as amended, apply.

adequately pled material breach because the complaint lays no foundation for the notion that SN had any duty to pay the remainder of the purchase prices that Amazing Glove claims.

Amazing Glove alleges breach through a conclusory allegation: "Defendant breached the contract(s) by failing to make the required payments due under the contract(s), by failing to provide adequate assurance of its performance under the contract(s), and/or by failing to perform under the contact(s) [sic] in a manner that was commercially reasonable and consistent with the parties' prior dealings." (Compl. ¶¶ 19, 25.) The non-committal wording of the allegation makes it unclear what the purported basis of SN's material breach actually is. Indeed, of those statements, the only one Amazing Glove somewhat substantiates in its complaint is SN's failure to pay. (*See* Compl. ¶ 12.)

However, a failure to pay is not synonymous with breach in all cases. *See* Restatement (First) of Contracts § 312 (1932) cmt a. (Noting that "non-performance of a contract, if justified is not a breach[,]" and that justification may stem from "the fact that a duty of immediate performance has not arisen because some condition precedent has not occurred."). SN's duty to pay the purchase price remainders under each contract[2] was to be triggered by the occurrence of events such as its receipt of Amazing Glove's bills of lading. (*See* Comp. Exs. 1-3, ECF Nos. 1-1, 1-2, 1-3.) As such, SN's failure to pay the remainders could only constitute a breach of each contract had SN's duty to pay actually arisen under each.

To be sure, the first two contracts contemplated SN's payment of the purchase price remainders within five business days of SN receiving the "BOLs" (presumably, bills of lading) as per the invoices Amazing Glove was to issue SN. (Compl. Exs. 1, 2.) The third contract contemplated that at least one payment would be due within three days of the product's inspection and payment by SN's customer(s). (Compl. Ex. 3.) But, as SN points out, Amazing Glove fails to allege that it ever issued any invoices, bills of lading, or otherwise triggered SN's duty to pay. (*See* Def. Resp. 2.)

Amazing Glove argues that these responsibilities qualify as conditions precedent under Rule 9(c) such that Amazing Glove sufficiently alleged them when it pleaded compliance with conditions precedent generally in its complaint. (*See* Def. Resp. 5-6; Compl. ¶ 7.) Yet the Court's analysis would remain the same regardless of whether Amazing Glove's responsibilities qualify as conditions precedent under Rule 9(c). Although Rule 9(c) does allow plaintiffs to generally

---

[2] Amazing Glove seems to purposefully refer to "the contract(s)" in its complaint but speaks of "three contracts" in its response. *Compare* Compl. ¶¶ 17, 23 *with* Pl. Resp. 1. At this juncture, the Court makes no finding concerning the existence of any contract(s), but the Court will refer to the writings attached to the complaint as individual "contracts" for ease of reference.

allege "that all conditions precedent have occurred or been performed[,]" Fed. R. Civ. P. 9(c), it also requires plaintiffs to "bear[] the burden of proving that the conditions precedent . . . have been satisfied" when defendants specifically join those conditions precedent in issue. *Myers v. Cent. Fla. Invs. Inc.*, 592 F.3d 1201, 1224 (11th Cir. 2010). It follows, then, that although neither Rule 8 nor Rule 9 require plaintiffs to affirmatively plead the fulfillment of conditions precedent in the first instance, the Eleventh Circuit's decision in *Myers* requires plaintiffs to do something more than rest on a general Rule 9(c) allegation when responding to a defendant's challenge concerning the same. Those challenges may be raised by motion or by answer. *Associated Mech. Contractors, Inc. v. Martin K. Eby Const. Co.*, 271 F.3d 1309, 1317 (11th Cir. 2001).

SN's motion presents such a challenge. It pointedly alleges that Amazing Glove failed to perform its responsibilities under the contracts and thereby trigger SN's duty to pay. (Mot. 1-2.) Amazing Glove's response makes no effort to show that it actually discharged its responsibilities under the contracts as required by *Myers*. (Def. Resp. 6). Instead, it relies on *Onuss Ortak Nokta Uluslararasi Haberlesme Sistem Servis Bilgisayar Yazilim Danismanlik v. Dis Ticaret Ltd. Sirketi*, No. 09-80720-CIV-MARRA, 2010 WL 935972, at *3 (S.D. Fla. Mar. 10, 2010) (Marra, J.), to argue that its general allegation alone suffices. That unreported decision makes no mention of the Eleventh Circuit's decision in *Myers*, 592 F.3d 1201, and is therefore inapposite. *Cf. Bettor v. Esurance Prop. & Cas. Ins. Co.*, No. 18-61860-CIV, 2019 WL 2245564, at *5 (S.D. Fla. Mar. 28, 2019) (Seltzer, Mag. J.), *report and recommendation adopted*, 2019 WL 3408900 (Moreno, J.) (Dismissal is appropriate where a plaintiff fails to meet their *Myers* burden).

By resting on the general allegation in its complaint, Amazing Glove fails to meet its *Myers* burden. Consequently, even if Amazing Glove's responsibilities under the contracts did constitute conditions precedent under Rule 9(c), the sufficiency of its general allegation thereunder would fail. Surely, "a court's duty to accept the facts in the complaint as true does not require [it] to ignore specific factual details of the pleading in favor of general or conclusory allegations." *Southeastern Construction & Rehaab Specialist, LLC v. GAC Contractors, Inc.* No. 5:20cv132, 2021 WL 5033818 (N.D. Fla. Aug. 4, 2021) (quoting *Griffin Indus. v. Irvin, 496 F.3d 1189*, 1205-06 (11th Cir. 2007)). Beyond the general allegation in its complaint, Amazing Glove fails to substantiate the notion that SN had a duty to pay the purchase price remainders under any of the three contracts, and therefore does not make SN's material breach of any of the contracts anything more than a possibility.

### 4. Conclusion

The Court is left where it began. Because Amazing Glove lays an inadequate foundation to show that SN had a duty to pay the purchase price remainders and provides no other basis to make SN's breach of the contracts plausible, Amazing Glove has failed to adequately plead material breach.

Accordingly, the Court **grants** SN's motion to dismiss **(ECF No. 14)**. Amazing Glove's complaint **(ECF No. 1)** is **dismissed without prejudice**. Amazing Glove will have until **March 18, 2022 to file an amended complaint**. Additionally, both Amazing Glove and SN **will have until March 18, 2022 to add or remove parties** to this action without leave of Court. Any other pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida, on March 4, 2022.

Robert N. Scola, Jr.
United States District Judge